IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLOCK C SOUTH TOWER RESIDENCES ASSOCIATION, INC. | § § § | |
| Plaintiff/Counter-Defendant | § § | |
| V. | § § | CIVIL ACTION NO. 3:15-CV-1156-L |
| LINDSEY LIL HUIZENGA AND DANIEL CLARK BLACKBURN | § § § | |
| Defendants/Counter-Plaintiffs/Third Party Plaintiffs | § § § | |
| v. | § § § | |
| STARWOOD VACATION SERVICES, INC. | § | |
| Third-Party Defendant | | |

### LINDSEY HUIZENGA AND DANIEL BLACKBURN'S COUNTERCLIAM AGAINST BLOCK C SOUTH TOWER RESIDENCES ASSOCIATION, INC. AND THIRD-PARTY COMPLAINT AGAINST STARWOOD VACATION SERVICES, INC

COME NOW, Lindsey Huizenga ("Huizenga") and Daniel Blackburn ("Blackburn"), as Trustees under the Daniel Clark Blackburn Revocable Living Trust, dated November 5, 2010, and any amendments thereto (together, "Huizenga/Blackburn") and file their Counterclaim against Block C South Tower Residences Association, Inc. ("Block C") and their Third-Party Complaint against Starwood Vacation Services, Inc. ("Starwood"), and for causes of action would show the Court as follows:

1. Block C is a Texas non-profit corporation.

2. Huizenga is a citizen of Texas.

3. Blackburn is a citizen of Canada.

4. Starwood is a foreign corporation doing business in the State of Texas. Starwood may be served with a summons through its registered agent, CT Corporation System at 1999 Bryan St., Suite 900, Dallas, TX 75201.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court as the property that is the basis of this suit is in Dallas County.

## FACTS

7. On December 27, 2006, Daniel Clark Blackburn, as an individual, purchased the property located at 2408 Victory Park Lane, Dallas, Texas 75219 (the "Property").

8. The Property is subject to that certain Residential Condominium Declaration for Block C South Tower Residences, a Residential Condominium, as amended ("Declarations").

9. Then on or about March 14, 2011, Blackburn conveyed the Property to that certain Trust named Daniel Clark Blackburn and Lindsey Lil Huizenga, Trustees, or their successors in Trust, under the Daniel Clark Blackburn Revocable Living Trust, Dated November 5, 2010 and any amendments thereto (the "Trust").

10. Starwood and Block C were notified of this conveyance and were provided a copy of the General Warranty Deed filed in the Dallas County Deed Records under Instrument No. 201100086449.

11. However, Starwood continued to charge assessments to Huizenga/Blackburn that were not their responsibility due to the earlier conveyance.

12. Pursuant to Section 7.2 of the Declarations, Individual Residential Assessments shall be the personal obligation of the Residence Owner against whom the Individual Residential Assessment is assessed. Section 7.3 of Declarations specifically provides that

"Unpaid Residential Assessments due as of the date of the conveyance or transfer of a Residence shall not constitute a personal obligation of the new Residence Owner".

13. On September 2, 2014, Block C exercised a foreclosure sale against the Property alleging Residential Assessments that were not owed by Huizenga/Blackburn. The Deed that Block C executed on September 9, 2014 and filed in the Dallas County Deed Records under Instrument No. 201400230747 ("Foreclosure Deed") reflects that Block C bought the Property at the foreclosure sale for the total amount of $500.00. However, the Notice of Assessment Lien filed by Block C on September 13, 2013 alleged that the amount of unpaid assessments owed by Huizenga/Blackburn were in the amount of $42,181.00 ("Assessment Lien"). The alleged arrearages are not a true and accurate amount owed by Huizenga/Blackburn.

14. Block C and Starwood have not provided a true and accurate accounting of any alleged arrearages to Huizenga/Blackburn. Block C and Starwood are required under the Declarations to provide a true and accurate accounting for each Residence Owner and the Individual Residential Assessments.

15. Huizenga and Blackburn have not received all notices that are required to be in writing and mailed directly to them and have no way of knowing what notices may or may not have been mailed by Starwood. The Declarations provide in Section 12.10 that all notices must be in writing and shall be mailed to the address of the residence owner by first class United States mail, postage prepaid, registered or certified with return receipt requested. However, Starwood's mail policy at the Property is to have their own agent accept all certified and registered mail for the residence owners. Therefore, Starwood has no record of any notices being mailed and received by Huizenga/Blackburn.

16. Block C foreclosed on Huizenga/Blackburn Property as evidenced by the Foreclosure Deed in September of 2014.

17. Block C is now threatening to evict Huizenga/Blackburn from the Property.

18. Huizenga/Blackburn will show that Block C's non-judicial foreclosure is and was wrongful, and would permit Block C and Starwood to perpetuate a course of wrongful conduct. Such sale is wrongful due to their acts of Breach of Contract. Huizenga/Blackburn asks that the Court find that the actual foreclosure exercised, is wrongful.

## BREACH OF CONTRACT

19. Huizenga/Blackburn incorporate by reference the allegations set forth above, as if the same were fully set forth herein.

20. Block C and Starwood have violated the Texas Property Code §51.002 and breached the Declarations. Block C and Starwood did not provide true and accurate accounting to Huizenga/Blackburn and did not provide all the required notices required under Texas Property Code §51.002 regarding foreclosure of the Property.

21. Block C and Starwood filed a false Assessment Lien against the Property.

22. Block C exercised a wrongful foreclosure based on inaccurate accounting records and a false Assessment Lien.

## REQUEST FOR THE COURT TO VOID THE FORECLOSURE DEED

23. The Foreclosure Deed is void because, among other things, Block C did not have the authority to exercise such sale due to the inaccurate accounting practices of Block C and Starwood and their Breach of Contract.

24. For the reasons stated above the foreclosure sale on September 2, 2014

should be held void and the Trustee Deed recorded in Dallas County Official Public Records, Texas should be removed from the chain of title to the Property, under Texas Property Code Chapter 22 and/or all other applicable law, including but not limited to Texas Constitution Article XVI, Section 50.

25. For these reasons, Huizenga/Blackburn request that Starwood and Block C be summoned to appear and answer as required by law and that upon final hearing, Huizenga/Blackburn be awarded and have a judgment against Block C and Starwood, for actual damages, costs of court, expenses, pre-and post judgment interest on the judgment at the highest lawful rates until paid and such other further relief to which Huizenga/Blackburn may be justly entitled.

Date: April 27, 2015                Respectfully submitted,

*Lindsey Huizenga*
*Lindsey Huizenga*
Pro Se

*Daniel Blackburn*
Pro Se

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the following via electronic mail and/or ECF and/or facsimile and/or certified mail, return receipt requested pursuant to the Federal Rules of Civil Procedure on this 27th day of April, 2015 to:

Vic Houston Henry
Henry Oddo Austin & Fletcher
1700 Pacific Avenue
Suite 2700
Dallas, TX  75201
(214) 658-19000
(214) 658-1919
Attorney for Block C
   South Tower Residences Association, Inc.


*Lindsey Huizenga*
*Pro Se*

*Daniel Blackburn*
*Pro Se*