**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BLOCK C SOUTH TOWER** | § | |
| **RESIDENCES CONDOMINIUM** | § | |
| **RESIDENTIAL ASSOCIATION, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-1156-L** |
| | § | |
| **DANIEL CLARK BLACKBURN and** | § | |
| **LINDSEY LIL HUIZENGA,** Trustees, or | § | |
| Their Successors in Trust, Under the Daniel | § | |
| Clark Blackburn Revocable Living Trust, | § | |
| Dated November 5, 2010, and any | § | |
| Amendments thereto, and All Occupants, | § | |
| | § | |
| Defendants. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Block C South Tower Residences Condominium Residential Association, Inc.'s Motion to Remand, filed May 5, 2015. After careful consideration of the motion and brief, response, reply, record, and applicable law, the court **grants** Block C South Tower Residences Condominium Residential Association, Inc.'s Motion to Remand.

**I.      Background**

Block C South Tower Residences Condominium Residential Association, Inc. ("Plaintiff" or "Block C") originally filed this action as a Complaint for Forcible Detainer ("FED Complaint") in the Justice Court, Precinct 1, Place 1, Dallas County, Texas. The FED Complaint was filed against Daniel Clark Blackburn ("Blackburn") and Lindsey Lil Huizenga ("Huizenga"), Trustees, or Their Successors in Trust, Under the Daniel Clark Blackburn Revocable Living Trust, dated November 5, 2010, and any Amendments thereto, and All Occupants ("Defendants").

Plaintiff filed the FED Complaint to recover possession of the property located at 2408 Victory Park Lane, # 1137, Dallas, Texas 75219-7620, which was acquired by Block C at a foreclosure sale on September 2, 2014.

On February 3, 2015, Justice of the Peace Thomas G. Jones issued judgment against Blackburn and Huizenga and in favor of Block C.  Blackburn, and Huizenga obtained an appeal bond on February 9, 2015.  The appeal was assigned to County Court at Law No. 3.  On April 1, 2015, the Honorable Sally Montgomery, judge of the court, set the appeal for a nonjury trial on April 17, 2015, and the next day Huizenga filed a notice of removal, contending that complete diversity of citizenship exists between the parties and that the amount in controversy, exclusive of costs and interest, exceeds $75,000.  While Block C does not contest the amount-in-controversy requirement, it contends that complete diversity of citizenship is lacking and that this court lacks subject matter jurisdiction.  The court agrees.

## II.   Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties.   28 U.S.C. §§ 1331, 1332.   Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim.   *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).   Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking.   *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35

F.3d 222, 225 (5th Cir. 1994)).  "[S]ubject-matter jurisdiction cannot be created by waiver or consent."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court.  Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case.  *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted).  Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record and make findings of fact related to the jurisdictional issue.  *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986).  All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.  As the amount in controversy has been established and is not in dispute, the court addresses only on the issue of complete diversity.

**Memorandum Opinion and Order – Page 3**

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted). Such failure, however, is a procedural defect and may be cured by filing an amended notice. *Id.* n.4.

A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residence' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). Huizenga acknowledges that she is a citizen of Texas.

A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).  As the evidence shows that Block C is a Texas corporation, it is a citizen of Texas.

Any doubts as to the propriety of the removal should be construed strictly in favor of remand.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it."  *St. Paul Reinsurance v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted).  Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

## III.   Discussion

Block C and Huizenga are both citizens of the state of Texas.  As both are citizens of the state of Texas, there is not complete diversity of citizenship between the parties.  Since complete diversity of citizenship does not exist, the court lacks jurisdiction to entertain this action, and the court must remand the action to County Court at Law No. 3.

## IV.   Attorney's Fees and Costs

Plaintiff seeks attorney's fees and costs incurred for obtaining a remand of this action to state court pursuant to 28 U.S.C. § 1447(c).  Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).  Bad faith is not "a prerequisite to awarding attorney fees and costs."  *Id.* (citation omitted).  "Absent

unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). In this regard, the court must decide "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal, "irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes*, 199 F.3d at 293.

The law regarding diversity of citizenship, as illustrated earlier in this opinion, has long been established. Huizenga should have never removed this action to federal court. She set forth no basis for believing that Block C was not a Texas Corporation. From what the court can ascertain, she used a form typically used by pro se litigants and made no effort to determine whether diversity of citizenship really existed. Accordingly, no objectively reasonable grounds existed to remove this action. Therefore, Block C is entitled to recover its reasonable attorney's fees and costs incurred for Huizenga's removal of this action to federal court.

## IV.    Conclusion

For the reasons herein stated, complete diversity of citizenship does not exist between the parties, and the court **grants** Block C South Tower Residences Condominium Residential Association, Inc.'s Motion to Remand. Accordingly, the court **remands** this action to County Court at Law No. 3. The clerk of the court shall effect this remand in accordance with the usual procedure. Further, for the reasons stated herein, the court determines that Block C is entitled to and shall recover its reasonable attorney's fees and costs incurred as a result of the removal.

**It is so ordered** this 26th day of June, 2015.

Sam A. Lindsay
United States District Judge