IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BLOCK C SOUTH TOWER RESIDENCES CONDOMINIUM RESIDENTIAL ASSOCIATION, INC., Plaintiff, § § § § § | |
| v. § | Civil Action No. 3:15-CV-1156-L-BH |
| DANIEL CLARK BLACKBURN and LINDSEY LIL HUIZENGA, Trustees, or Their Successors in Trust, Under the Daniel Clark Blackburn Revocable Living Trust, Dated November 5, 2010, and any Amendments thereto, and All Occupants, Defendants. § § § § § § § § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference dated July 20, 2015 (doc. 16), before the Court is *Block C South Tower Residences Condominium Residential Association, Inc.'s Application for Attorney's Fees*, filed July 17, 2015 (doc. 15). Based on the relevant filings, evidence, and applicable law, the motion should be **GRANTED**, and the plaintiff should be awarded $3,932.52 in attorney's fees and costs.

**I. BACKGROUND**

This application for attorney's fees arises out of a forcible detainer action originally filed in the Justice Court, Precinct 1, Place 1 of Dallas County, Texas, by Block C South Tower Residences Condominium Residential Association, Inc. (Plaintiff) against Daniel Clark Blackburn and Lindsey Lil Huizenga, Trustees, or Their Successors in Trust, Under the Daniel Clark Blackburn Revocable Living Trust, dated November 5, 2010, and any Amendments thereto, and All Occupants (collectively Defendants). (docs. 3 at 17; 15 at 1.)[1] Plaintiff sued to recover possession of 2408 Victory Park Lane # 1137, Dallas, Texas 75219-7620, which it acquired at a foreclosure sale on September 2, 2014. (doc.

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

3 at 17-21.)

On February 3, 2015, the Justice Court issued a judgment in favor of Plaintiff. (*Id*. at 41.) Defendants obtained an appeal bond, and the County Court at Law No. 3 set the case for a nonjury trial on April 17, 2015. (*Id*. at 41-50.) The day before the trial, Huizenga field a notice of removal, contending that complete diversity of citizenship existed between the parties, and that the amount in controversy, exclusive of costs and interest, exceeded $75,000. (*Id*. at 1.)

Plaintiff filed a motion to remand on May 5, 2015, challenging Huizenga's claim of complete diversity. (doc. 6.)  Defendants responded to the motion by continuing to allege diversity of citizenship.[2] (doc. 8.)  Plaintiff's motion to remand was granted on June 26, 2015, and it was awarded reasonable attorney's fees and costs incurred for the improper removal under 28 U.S.C.A. § 1447. (doc. 12 at 1, 6-7.) On July 17, 2015, Plaintiff filed an application for $3,932.52 in attorney's fees and costs against Defendants. (doc. 15 at 4.)  Defendants did not file a response, and the application is now ripe for recommendation.

## II. ANALYSIS

In adjudicating an attorney's fee award for an improper removal under § 1447(c), a court first calculates a "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995); *Halliburton Latin Am. SA v. Int'l Technical Solutions*, No. 00-20842, 2001 WL 1013047, at *1 (5th Cir. July 31, 2001) (per curiam) (unpublished) (stating the lodestar method should be used to determine attorney's fees for an improper removal under § 1447(c)).  The fee applicant bears the burden of proof on this

---

[2] Although only Huizenga signed the notice of removal (doc. 3 at 4), both she and Blackburn filed a response to the motion to remand alleging diversity of citizenship. (doc. 8 at 2.)

2

issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996); *Louisiana Power & Light Co.*, 50 F.3d at 324. In the second step of the lodestar method, a court must consider whether the lodestar figure should be adjusted upward or downward depending on its analysis of the twelve factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).[3] *Riley*, 99 F.3d at 760; *Louisiana Power & Light Co.*, 50 F.3d at 331. "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted). The most critical factor in determining the reasonableness of an attorney's fee award is the degree of success obtained. *Hensley*, 461 U.S. at 436.

**A.     The Lodestar**

In support of their application, Plaintiff submits an affidavit and resume from attorney Vic Houston Henry and billing records. (docs. 15-1, 15-2, 15-3.)

*1.     Reasonable hourly rate*

Plaintiff has the burden of showing that its counsels' hourly rate is reasonable. *La. Power & Light Co.*, 50 F.3d at 324. "Typically, the Court receives copies of resumes or summaries of the qualifications of attorneys involved in the litigation, as well as information regarding the individuals' litigation skills generally." *Neles–Jamesbury, Inc. v. Bill's Valves*, 974 F.Supp. 979, 987 n. 19 (S.D. Tex. May 30, 1997). Further, "[t]o inform and assist the court in the exercise of its discretion [in

---

[3] The twelve factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Cobb v. Miller*, 818 F.2d 1227, 1231 n.5 (5th Cir. 1987) (citing *Johnson*, 488 F.2d at 717–19).

analyzing reasonable hourly rate], the burden is on the fee applicant to produce satisfactory evidence—*in addition to the attorney's own affidavits*—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to—for convenience—as the prevailing market rate ." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984) (emphasis added); *see Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) ("Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there."); *Watkins v. Fordice*, 7 F.3d 454, 458 (5th Cir. 1993).

Here, Plaintiff seeks hourly rates of $250, $180, $140, and $110. (doc. 15-1 at 2.) Plaintiff submits the resume and affidavit of attorney Vic Houston Henry, who addresses his qualifications, experience, and the hourly rates of his firm and in Dallas County for this type of proceeding. (*Id*. at 1-3.) The hourly rates appear consistent with the prevailing market rates in this area, and Defendants have not objected.[4] *See, e.g., Jiwani v. United Cellular, Inc.*, No. 3:13–CV–4243–M–BK, 2014 WL 4805781, at *5-6 (N.D. Tex. Sept. 29, 2014); *Hoffman v. L & M Arts*, No. 3:10–CV–0953–D, 2015 WL 3999171, at *2-3 (N.D. Tex. July 1, 2015). Accordingly, the hourly rates for Plaintiff's counsel are reasonable.

### 2. *Reasonable number of hours*

Contemporaneous billing records are acceptable documentation for determination of reasonable hours. *See Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990). Here, Plaintiff submitted copies of attorney invoices with detailed time entries, covering the period April 16, 2015

---

[4] "When the hourly rate is not objected to by the opposing party, some courts have accepted the fee applicant's asserted reasonable hourly rate." *S & H Indus., Inc.*, No. 3:11–CV–2988–M–BH, 2013 WL 6332993, at *3 n.4 (N.D. Tex. Dec. 5, 2013) (citing *Baulch v. Johns*, 70 F.3d 813, 818 n. 8 (5th Cir. 1995)).

to June 29, 2015. (doc. 15-3 at 1-6.)[5]  Plaintiff's billing statements reflect 2.7 hours at a rate of $250 per hour, 1.4 hours at a rate of $180 per hour, 12.1 hours at a rate of $140 per hour, and 0.9 hours at a rate of $110. (doc. 15-3 at 1-5.) Plaintiff also requests $1,134 for preparing and filing the application for attorney's fees. (doc. 15 at 3.)  Although it provides no billing statements in support of the time spent preparing the application (*see* doc. 15-3), Plaintiff's counsel avers that 8.1 hours was spent at rate of $140 per hour. (doc. 15-1 at 2.)  Defendants have not objected to any of the hours requested. Accordingly, Plaintiff has established a lodestar amount of $3,854.

**B.    Adjustments to Lodestar**

Neither party argues for an adjustment to the lodestar.  Accordingly, no adjustment based on the *Johnson* factors is warranted.

**C.    Costs**

Plaintiff seeks $78.52 for "discounted" legal research and postage fees. (doc. 15 at 3.) Plaintiff has submitted billing statements reflecting this total. (doc. 15-3 at 6.)  Defendants raise no objections to the costs sought by Plaintiffs, and they should therefore be granted.

### III. RECOMMENDATION

*Block C South Tower Residences Condominium Residential Association, Inc.'s Application for Attorney's Fees* should be **GRANTED**, and Plaintiffs should be awarded $3,854 in attorney's fees and $78.52 in costs.

---

[5] Although not addressed by Plaintiff, the invoices reflect that some billing entries have been redacted from the invoices submitted and are not included in the total attorney's fees sought by Plaintiff.

**SIGNED this 11th day of February, 2016.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE